IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEENAN COFIELD, #326109          * <br>           Petitioner, <br>      v.          *    CIVIL ACTION NO. CCB-05-3306 <br> <br> FEDERAL BUREAU OF PRISONS          * <br>           Respondent. <br>                                ***| |

**MEMORANDUM**

On February 26, 2004, a four-count indictment was entered against petitioner in this court. *See United States v. Cofield*, Criminal No. MJG-04-099 (D. Md. 2004). On October 29, 2004, petitioner signed a plea agreement, agreeing to plead guilty to one count of conspiracy to utter a forged or stolen U.S. Treasury check, in violation of 18 U.S.C. § 371. On May 16, 2005, Judge Marvin J. Garbis sentenced petitioner to a ten-month term in the U.S. Bureau of Prisons ("BOP"), with three years of supervised release, and ordered him to pay a $100.00 special assessment. *Id.* at Paper No. 66. Appeal of the criminal judgment remains pending.

On June 17, 2005, petitioner filed a motion, attacking the sentence imposed, pursuant to 28 U.S.C. §§ 2241 & 2255.[1] *Id.* at Paper No. 77. On July 19, 2005, Judge Garbis denied the motion, holding that the 10-month sentence was to run as a consecutive, not concurrent, sentence to any state sentence and indicating that he "will not purport to tell state authorities what they can or should do in regard to defendant Cofield's state sentence or conditions of confinement." *Id.* at Paper No. 85.

---

[1]     Judge Garbis concluded that petitioner was requesting that: (i) his 10-month sentence run concurrent to any state sentences; (ii) the state award him credit against his state sentence for the period of time he was on home confinement on the federal charges; and (iii) the court advise the state that the court has no objection if the state would utilize the fact that petitioner was on home confinement for any purpose. *See United States v. Cofield*, Criminal No. MJG-04-099. at Paper No. 85.

Petitioner is currently confined in a Maryland Division of Correction facility serving his state sentences. On December 2, 2005, this court received for filing this 28 U.S.C. § 2241 petition for writ of habeas corpus seeking the award of pre-trial credits.[2] Petitioner claims that he has written both the Central and Regional Offices of the BOP requesting pre-trial credits for the aforementioned federal conviction "because Judge Garbis did not award such at sentencing, so pursuant to Title 18 U.S.C. [§] 3585 a request was made for those credits." Paper No. 1 at 8. He asks this court to order the BOP to award him credits pursuant to § 3585. Because he appears indigent, petitioner's motion to proceed in forma pauperis shall be granted. His petition, however, shall be dismissed without prejudice.

18 U.S.C. § 3585(b) provides, in relevant part, that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; and that has not been credited against another sentence.

Under the statutory scheme of § 3585(b), credits cannot be calculated until a defendant actually commences serving his or her federal sentence. *See United States v. Wilson*, 503 U.S. 329, 112 S.Ct. 1351, 1354-55 (1992). Once a defendant commences serving that sentence and has exhausted his or her administrative remedies, a court may conduct a 18 U.S.C. § 3585(b) analysis of the disputed calculation under § 2241. *See United States v. Keller*, 58 F. 3d 884, 894 (2$^d$ Cir. 1995).

---

[2] An action challenging the BOP's calculation of a sentence is properly brought under 28 U.S.C. § 2241. *See Chambers v. United States*, 106 F.3d 472 (2d Cir.1997).

As already indicated, petitioner's 10-month federal sentence is to be served consecutive to his state sentences. Because he remains in state custody and has not yet commenced serving his federal conspiracy sentence, any credit determination would be premature.[3]

For the aforementioned reasons, his § 2241 petition shall be dismissed. A separate Order follows.

Date:   January 25, 2006              /s/
                                      Catherine C. Blake
                                      United States District Judge

---

[3] In *Reno v. Koray*, 515 U.S. 50 (1995), the Supreme Court interpreted the phrase "official detention" to mean time spent in the custody of the Attorney General. It concluded that credit for time spent in "official detention" under § 3585(b) was available only to those defendants who were detained in a penal or correctional facility and were subject to control by the BOP. *Id.* at 58-59. The court observes that according to his own attachments, petitioner's state sentences began on February 24, 2004, prior to the 2004 indictment and 2005 imposition of his federal sentence in *United States v. Cofield*, Criminal No. MJG-04-099. *See* Paper No. 1 at Exs. A-D. Aside from making a vague reference to "federal home detention," petitioner does not delineate what pre-trial time he spent in "official detention" on his federal conspiracy offense that *was not* credited against another sentence.